## Armstrong *v.* Dalasantro, Appellant.

*Assumpsit—Oral contract—Case for jury.*

In an action of assumpsit on an oral contract the case is for the jury and a verdict for the plaintiff will be sustained, where the rights of the parties depend entirely on questions of fact. The determination of those facts was for the jury who had the witnesses before them and were given full opportunity to pass upon their veracity.

Under such circumstances the trial judge was not guilty of an abuse of discretion in refusing a new trial.

Argued October 12, 1927. Appeal No. 163, October T., 1927, by defendant from judgment of M. C. Philadelphia County, November T., 1925, No. 1715, in the case of P. H. Armstrong v. Thomas Dalasantro. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an oral contract. Before KNOWLES, J.

From the record it appeared that the plaintiff and defendant, as partners, conducted a wholesale fruit and vegetable business. Later they agreed to dissolve and plaintiff alleged that under the terms of the dissolution the defendant was to pay him one-half of the excess of liabilities over assets and one-half of the excess of the defendant's drawing account over that of plaintiff.

Verdict for plaintiff in the sum of $467.74 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for a new trial.

*Henry A. Frye,* for appellant.

*Samuel Abramson,* and with him *Edward Davis,* for appellee.

PER CURIAM, November 21, 1927:

The complaint of the appellant in this case refers to the refusal of the court to grant a new trial. The learned counsel for the appellant frankly concedes in his argument that: "there can be no doubt that it was the duty of the learned trial judge to submit the testimony to the jury." He contends, however, that because there were some slight discrepancies in the testimony of the plaintiff and for the reason that the testimony of the defendant was in some respects corroborated, the court was guilty of an abuse of discretion in re-

fusing to set aside the verdict in favor of the plaintiff. We have examined the testimony and are convinced that the learned counsel for the appellant is right in conceding that the testimony presented a case which must necessarily be submitted to the jury. The variations, or discrepancies in the testimony of the plaintiff, if any there were, were of a character so immaterial, that the court could not declare as matter of law that they even cast doubt upon his right to recover. The rights of the parties depended entirely on questions of fact; and the determination of those facts was for the jurors, who had the witnesses before them and were given full opportunity to judge of the truthfulness of their respective stories. The case was submitted to the jury in a charge of which no complaint is made. With the case thus presented we find no warrant for holding that the learned judge of the court below was guilty of an abuse of discretion in refusing a new trial.

The judgment is affirmed.